UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        INDIANAPOLIS DIVISION

DESIGN BASICS, LLC,                        )
PLAN PROS, INC., and                       )
PRIME DESIGNS INC.,                        )
                                           )
                Plaintiffs,                )
                                           )
        v.                                 )   Case No. 1:16-cv-00726-TWP-MPB
                                           )
KERSTIENS HOME & DESIGNS, INC.,            )
T-KERSTIENS HOMES CORP.,                   )
KERSTIENS REALTY, INC.,                    )
KERSTIENS MANAGEMENT CORP.,                )
KERSTIENS LEASING CORP.,                   )
KERSTIENS HOLDING CORP., and               )
KERSTIENS DEVELOPMENT INC.,                )
                                           )
                Defendants.                )

**ORDER ON PLAINTIFFS' APPEAL OF MAGISTRATE JUDGE'S ORDER ON MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

This matter is before the Court on Plaintiffs', Design Basics, LLC, Plan Pros, Inc., and Prime Designs, Inc. (collectively, "Design Basics"), Appeal of Magistrate Judge's Decision on Plaintiffs' Motion for Leave to File a Second Amended Complaint (Filing No. 99) ("the Appeal"). Design Basics argues that the Magistrate Judge erred by denying its Motion for Leave to File a Second Amended Complaint to add newly discovered claims for copyright infringement against Defendants, Kerstiens Home & Designs, Inc., T- Kerstiens Homes Corp., Kerstiens Realty, Inc., Kerstiens Management Corp., Kerstiens Leasing Corp., Kerstiens Holding Corp., and Kerstiens Development Inc. (collectively, "Defendants") (Filing No. 95). Defendants oppose Design Basics' Appeal and contend that the Magistrate Judge was well within her discretion under Federal Rules of Civil Procedure 15 and 16 to deny Design Basics' request for leave to file a second amended

complaint (Filing No. 102). For the following reasons, the Court **denies** Design Basics' Appeal and **adopts** the Magistrate Judge's recommendation.

## I. BACKGROUND

Design Basics initiated this action by filing its original Complaint on March 31, 2016, alleging that Defendants infringed on its copyrights in certain architectural works (Filing No. 1). Design Basics later amended its complaint for the first time as a matter of course on August 30, 2016, and added Prime Designs, Inc. as a plaintiff (Filing No. 38; Filing No. 95 at 11).

The Magistrate Judge approved of the parties' initial Agreed Case Management Plan on August 9, 2016 (Filing No. 37). However, after Design Basics filed its First Amended Complaint, the Magistrate Judge approved an Amended Case Management Plan ("the CMP") on September 14, 2016, which specified that "[t]he last date for Plaintiffs, without leave of Court, to join additional parties and to amend the pleadings is **October 14, 2016**" and allowed Defendants until October 31, 2016 to join other parties or to amend their pleadings (Filing No. 51 at 3) (emphasis in original). No other language in the CMP addressed the parties' ability to amend their pleadings.

On February 8, 2017, Design Basics filed its Motion for Leave to File a Second Amended Complaint (the "Motion for Leave") (Filing No. 82). In their Motion for Leave, Design Basics claimed that it needed to amend its First Amended Complaint because it learned through discovery that Defendants infringed upon two of Design Basics' house plans that were not previously listed in the First Amended Complaint (Filing No. 82 at 2). Upon review of Design Basics' Motion for Leave, the Magistrate Judge denied Design Basics leave to file a second amended complaint (Filing No. 95 at 8-11). Specifically, the Magistrate Judge reasoned that the October 14, 2016 amendment deadline in the CMP should be interpreted to restrict all amended complaints, rather than just those filed without leave of court, in order to be consistent with Rule 16(b)(3), which

2

requires scheduling orders to limit the time allowed to amend pleadings (Filing No. 95 at 9-11). The Magistrate Judge further concluded that Design Basics did not have good cause under Rule 16 to file a second amended complaint because Design Basics admittedly suspected infringement of the house plans it sought to add long before the October 14, 2016 deadline and did not need to wait for discovery to confirm their suspicions before pleading such infringement (Filing No. 95 at 11).

In light of the Magistrate Judge's denial of leave to amend, Design Basics filed the instant Appeal on April 12, 2017 and argues that the Magistrate Judge erroneously considered its Motion for Leave under Rule 16, rather than Rule 15 (Filing No. 99). Design Basics contends that the Magistrate Judge should have applied the more liberal standard under Rule 15 to its Motion for Leave because the CMP only imposed a deadline for amending pleadings without leave of court but did not restrict any amended pleadings filed with leave of court (Filing No. 99 at 2-5). Defendants oppose the Appeal, asserting that the Magistrate Judge did not abuse her discretion to deny Design Basics' Motion for Leave under either Rule 15 or 16 because Design Basics did not have good cause to amend and have not demonstrated that justice requires such an amendment (Filing No. 102).

## II. LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). When reviewing an objection or appeal of a magistrate judge's decision on a non-dispositive pretrial motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clear error standard is highly differential, allowing a district court to overturn the magistrate judge's ruling only when it "is left

with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ind. Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13-cv-01316-TWP-MPB, 2017 WL 5494047, at *1 (S.D. Ind. Nov. 16, 2017).

### III. DISCUSSION

"Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2)," which "provides that courts should freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (internal quotation marks omitted). Under Rule 15(a)(2), a court should grant leave to amend when requested "'unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend.'" *Musa v. Comm'r of Internal Revenue*, 854 F.3d 934, 938 (7th Cir. 2017) (quoting *Life Plans, Inc. v. Sec. Life of Denver Ins.*, 800 F.3d 343, 358 (7th Cir. 2015)); *see also*, *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, when a party seeks to amend a pleading beyond the deadlines listed in an applicable scheduling order required by Rule 16(b)(3), a district court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto*, 651 F.3d at 719. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id*. at 720 (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). The diligence required to amend a pleading pursuant to Rule 16(b) "is not established if delay is shown and the movant provides no reason, or no good reason, for the delay." *E.F. Transit Inc. v. Ind. Alcohol and Tobacco Comm'n*, No. 1:13-cv-01927-WTL-MJD, 2015 WL 3631742, at *2 (S.D. Ind. June 10, 2015) (citing *Alioto*, 651 F.3d at 719).

4

"Ultimately, 'the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *E.F. Transit*, 2015 WL 3631742 at *2 (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

The Court concludes that the Magistrate Judge's decision to deny Design Basics' Motion for Leave was not clearly erroneous or contrary to law. The Magistrate Judge reasonably interpreted the October 14, 2016 deadline for filing amended complaints in the CMP to comply with Rule 16(b)(3) because no other language within the CMP restricted the time in which Design Basics could seek leave to amend its complaint. Under Rule 16(b)(3), a scheduling order like the CMP "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." If the October 14, 2016 deadline was interpreted to apply only to amendments without leave of court, no such limitation on joining parties or amending the pleadings would exist, and Design Basics would theoretically be permitted to move for leave to amend its complaint at any point before trial without restriction. Furthermore, such an interpretation of the October 14, 2016 deadline would render the deadline seemingly meaningless because Design Basics already used its only opportunity to amend its complaint as a matter of course when it filed its First Amended Complaint on August 30, 2016 ([Filing No. 38](#)). *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course…. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

Moreover, Design Basics has not demonstrated that it is entitled to leave to amend its First Amended Complaint under either the Rule 16(b) good-cause standard or the more lenient Rule 15(a)(2) standard. As stated above, whether a moving party acted diligently in seeking leave to amend is the primary consideration that a district court must make when determining if that party has good cause to amend its pleadings. *See Alioto*, 651 F.3d at 719. Additionally, a district court

5

may deny a movant leave to amend under Rule 15(a)(2) if such an amendment would result in undue delay of the litigation process. *See Musa*, 854 F.3d at 938.

Here, Design Basics suspected that Defendants infringed on the two additional house plans it now seeks to include in its complaint prior to filing its original and amended complaints ([Filing No. 93 at 6](#)). Although Design Basics claims that it required discovery to confirm that Defendants also infringed on the additional house plans, Design Basics could have pled such infringements in its prior complaints based on its suspicions alone. *See Trustmark,* 424 F.3d at 553 (affirming a district court's denial of leave to amend complaint after the amendment deadline where the plaintiff suspected the defendant's misrepresentations before filing the original complaint). Thus, because Design Basics could have pled its new infringement claims in its prior complaints, allowing it to amend its First Amended Complaint to include these new claims would result in an undue delay of the litigation. This is especially true in this instance where the parties have already completed all discovery relating to liability and have filed dispositive motions. Therefore, the Magistrate Judge's decision to deny Design Basics' Motion for Leave must be upheld.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Design Basics' Appeal of the Magistrate Judge's Order on its Motion for Leave to File a Second Amended Complaint ([Filing No. 99](#)).

**SO ORDERED.**

Date: 3/9/2018

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark F. Criniti
LADUE CURRAN KUEHN LLC
mcriniti@lck-law.com

Paul E. Harold
LADUE CURRAN & KUEHN
pharold@lck-law.com

April M. Jay
OVERHAUSER LAW OFFICES LLC
ajay@overhauser.com

John David LaDue
LADUE CURRAN & KUEHN LLC
jladue@lck-law.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

Sean Joseph Quinn
LADUE CURRAN KUEHN LLC
squinn@lck-law.com

Eric M. Wilkins
HUNT SUEDHOFF KALAMAROS
ewilkins@hsk-law.com

John A. Conway
LADUE CURRAN KUEHN LLC
jconway@lck-law.com