UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, PLAN PROS, INC., and PRIME DESIGNS INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:16-cv-00726-TWP-DLP |
| KERSTIENS HOME & DESIGNS, INC., T-KERSTIENS HOMES CORP., KERSTIENS REALTY, INC., KERSTIENS MANAGEMENT CORP., KERSTIENS LEASING CORP., KERSTIENS HOLDING CORP., and KERSTIENS DEVELOPMENT INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### **ENTRY ON MOTIONS TO STRIKE**

This matter is before the Court on two Motions to Strike filed by Defendants, Kerstiens Homes & Designs, Inc. and T-Kerstiens Homes Corp., (the "Home Defendants") (Filing No. 158; Filing No. 167). The Home Defendants request that the Court strike two sets of amended declarations filed by Plaintiffs, Design Basics, LLC, Plan Pros, Inc., and Prime Designs, Inc. (collectively the "Plaintiffs") to correct errors within the original declarations that Plaintiffs filed in conjunction with their Response in Opposition to the Home Defendants' Motion for Summary Judgment (Filing No. 136). Specifically, the Home Defendants argue that the Court cannot consider either set of amended declarations because Plaintiffs cannot submit new evidence in a surreply or supplement in opposition to summary judgment that was not previously presented in their response in opposition, and that the Home Defendants would be prejudiced if the Court were to consider this new evidence (Filing No. 158 at 3-5; Filing No. 167 at 1-2). For the following reasons, the Court **denies** the Home Defendants' Motions to Strike.

## I. BACKGROUND

On October 4, 2017, the Home Defendants filed their Motion for Summary Judgment, asserting that Plaintiffs could not establish that the Home Defendants infringed on the copyrights they owned in particular architectural design plans ([Filing No. 136](#)). On November 30, 2017, Plaintiffs filed their Response in Opposition, alleging that the Home Defendants had access to Plaintiffs' design plans and that the Home Defendants' plans were nearly identical to Plaintiffs' design plans, which was sufficient to demonstrate copyright infringement ([Filing No. 150](#)). In support of their Response in Opposition, Plaintiffs submitted declarations from Carl Cuozzo, Marc Behrens, Patrick Carmichael, Greg Dodge, Paul Foresman, and Natalie Wendling (the "Original Declarations") to demonstrate the similarities between the Plaintiffs' and the Home Defendants' design plans and the opportunities the Home Defendants had to access the Plaintiffs' plans ([Filing No. 147-1](#); [Filing No. 147-7](#); [Filing No. 147-9](#); [Filing No. 147-20](#); [Filing No. 147-26](#); [Filing No. 147-34](#)). Each of the Original Declarations also referenced and authenticated other exhibits that Plaintiffs employed to oppose the Home Defendants' Motion for Summary Judgment. ([Filing No. 147-1](#); [Filing No. 147-7](#); [Filing No. 147-9](#); [Filing No. 147-20](#); [Filing No. 147-26](#); [Filing No. 147-34](#)).

In the jurat of each of the Original Declarations, the respective declarants stated that they "affirm that the foregoing statements are true and correct to the best of [his or her] knowledge" with their signatures ([Filing No. 147-1 at 11](#); [Filing No. 147-7 at 4](#); [Filing No. 147-9 at 15](#); [Filing No. 147-20 at 14](#); [Filing No. 147-26 at 16](#); [Filing No. 147-34 at 5](#)). None of the Original Declarations indicated that the respective declarants were testifying under penalties of perjury or stated the date on which their declarations were executed.

The Home Defendants filed their Reply in Support of their Motion for Summary Judgment on December 18, 2017 (Filing No. 156). In their Reply, the Home Defendants pointed out that the jurats in the Original Declarations did not substantially comply with the requirements for declarations under 28 U.S.C. § 1746 because they were not made under penalty of perjury and that, as a result, the exhibits referenced in the Original Declarations were not properly authenticated and could not be considered on summary judgment (Filing No. 156 at 3-6). The Home Defendants also specifically objected to the Declaration of Natalie Wendling based on her review of other home design plans and her opinion as to what constitutes a "standard feature" (Filing No. 156 at 9-10). Despite their objections to the Original Declarations, the Home Defendants assert that the Plaintiffs failed to demonstrate access or sufficient similarity between the parties' design plans as required to prove copyright infringement, even if the Court were to consider all of the Plaintiffs' evidence (Filing No. 156 at 12-20).

In response to the Home Defendants' objections to the Original Declarations, Plaintiffs filed their Surreply in opposition to the Home Defendants' Motion for Summary Judgment and attached amended versions of each of the Original Declarations (the "First Amended Declarations") (Filing No. 157; Filing No. 157-1; Filing No. 157-2; Filing No. 157-3; Filing No. 157-4; Filing No. 157-5; Filing No. 157-6). In place of the allegedly defective jurats in the Original Declarations, the jurats in the First Amended Declarations each stated that the respective declarant "affirm[ed] under the penalties of perjury that the foregoing statements are true and correct" (Filing No. 157-1 at 11; Filing No. 157-2 at 4; Filing No. 157-3 at 15; Filing No. 157-4 at 14; Filing No. 157-5 at 16; Filing No. 157-6 at 5). Other than these changes to the jurats, the First Amended Declarations were identical to the Original Declarations.

Upon the Plaintiffs' filing of the First Amended Declarations, the Home Defendants filed their Motion to Strike Declarations Submitted with Surreply on December 29, 2017 ([Filing No. 158](#)). The Home Defendants argue the First Amended Declarations must be stricken because the Plaintiffs were not permitted to bring such new evidence on surreply and because the First Amended Declarations would prejudice the Home Defendants ([Filing No. 158 at 3-5](#)). Furthermore, the Home Defendants note that the First Amended Declarations still fail to comply with the requirements of 28 U.S.C. § 1746 because none of the First Amended Declarations were dated ([Filing No. 158 at 5](#)). The Plaintiffs responded to the Home Defendants' Motion to Strike Declarations Submitted with Surreply on January 12, 2018, arguing that the substantive issues in this case should be decided on its merits rather than technicalities and that the Home Defendants could not be prejudiced by the First Amended Declarations because they do not contain any new substantive information ([Filing No. 165](#)).

In addition to their response to the Home Defendants' Motion to Strike Declarations Submitted with Surreply, the Plaintiffs submitted a Supplement to their Response in Opposition to the Home Defendants' Motion for Summary Judgment on January 12, 2018, containing newly amended versions of the declarations from Carl Cuozzo, Marc Behrens, Patrick Carmichael, Greg Dodge, Paul Foresman, and Natalie Wendling (the "Second Amended Declarations") ([Filing No. 164](#); [Filing No. 164-1](#); [Filing No. 164-2](#); [Filing No. 164-3](#); [Filing No. 164-4](#); [Filing No. 164-5](#); [Filing No. 164-6](#)). Plaintiffs note that the only distinctions between the Second Amended Declarations, the Original Declarations, and the First Amended Declarations is that the Second Amended Declarations include statements that the declarants respectfully "affirm under the penalties of perjury that the foregoing statements are true and correct" and dates of execution

(Filing No. 164; Filing No. 164-1 at 11; Filing No. 164-2 at 4; Filing No. 164-3 at 15; Filing No. 164-4 at 14; Filing No. 164-5 at 16; Filing No. 164-6 at 5).

Just as the Home Defendants moved the strike the First Amended Declarations, they also moved to strike the Second Amended Declarations on January 17, 2018 (Filing No. 167). [1] In particular, the Home Defendants argue that Plaintiffs are not permitted to file such a supplement to their Response in Opposition to their Motion for Summary Judgment under the Federal Rules of Civil Procedure and this Court's Local Rules since the Motion for Summary Judgment is already fully briefed (Filing No. 167 at 1-2). The Home Defendants also contend that they are prejudiced by the Second Amended Declarations attached to the Plaintiffs' supplement (Filing No. 167 at 1-2). The Plaintiffs similarly responded to the Home Defendants' Motion to Strike Plaintiffs' Supplement by asserting that the errors within the Original Declarations and First Amended Declarations were unintentional, technical errors that did not prejudice the Homes Defendants and that this case should be decided on the merits (Filing No. 173).

## II.  DISCUSSION

The Home Defendants assert that none of the declarations provided by the Plaintiffs, or the exhibits referenced within them, can be considered on summary judgment because the declarations do not comply with the requirements of 28 U.S.C. § 1746 and because they were not timely filed (Filing No. 156; Filing No. 158; Filing No. 167). The Court disagrees. Under 28 U.S.C. § 1746, whenever a matter may "be supported, evidenced, established, or proved" by a written, unsworn declaration that is executed within the United States, the declaration must state that the facts within it are "true under penalty of perjury, and dated, in substantially the following form: … (2) 'I declare

---

[1] Because the Second Amended Declarations replace the First Amended Declarations and are identical to the Original Declarations in all respects other than the jurats and because the Home Defendants also seek to strike the Second Amended Declarations, the Court **DENIES as moot** the Home Defendants' Motion to Strike the First Amended Declarations that were submitted with the Plaintiffs' Surreply (Filing No. 158).

(or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746. Although the Plaintiffs acknowledge that the Original Declarations and the First Amended Declarations failed to meet both of the requirements to subject their statements to the penalties of perjury and to declare the date of execution ([Filing No. 165 at 1](); [Filing No. 173 at 1]()), the Second Amended Declarations meet both of these requirements. Additionally, while the Home Defendants contend the amended versions of the declarations at issue were untimely because the Plaintiffs cannot submit "new" or "additional" evidence after filing their Response in Opposition to summary judgment, the Second Amended Declarations provide all of the same substantive evidence that was found within the Original Declarations. Therefore, the Second Amended Declarations do not provide any "new" evidence that would otherwise be prohibited after the Plaintiffs' initial response to the Home Defendants' Motion for Summary Judgment. *Cf. Estate of Williams v. Ind. State Police*, 26 F. Supp. 3d 824, 838 (S.D. Ind. 2014) (concluding that expert reports offered in response to a motion for summary judgment could not be considered on summary judgment because they could not be properly authenticated without a supporting affidavit that was first submitted on surreply).

Similarly, the Home Defendants would not be prejudiced if the Court were to consider the Second Amended Declarations in relation to their Motion for Summary Judgment. The Second Amended Declarations contain identical substantive information as the Original Declarations; therefore, the Home Defendants could have addressed any other objections they had to the information within the declarations in their Reply in Support of their Motion for Summary Judgment based on the information within the Original Declarations. In fact, the Home Defendants did address some of their additional objections within their Reply in Support by addressing whether Natalie Wendling was sufficiently qualified to testify as to what is a "standard feature" in

a home design plan and by discussing whether the information within the Original Declarations could establish sufficient access or substantial similarity ([Filing No. 156 at 9-10](), 12-19).

Moreover, courts generally prefer to base decisions on the merits of a case, rather than mere technicalities. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) ("[i]t is … entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities"); *see also*, *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 884 (7th Cir. 1993) ("dispositive decisions should be based on the merits rather than technicalities"); *Ballard v. Wilderness Resort Hotel & Golf Resort*, No. 14 C 00841, 2014 WL 3811003, at *1, *2 n. 4 (N.D. Ill. Aug. 1, 2014) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986) (determining that an affidavit that did not provide a date of execution as required by 28 U.S.C. § 1746 may be considered by the Court on a motion to remand because "'decisions on the merits are not to be avoided on the basis of mere technicalities'"). As such, the Court may consider the evidence presented in the Second Amended Declarations when evaluating the Home Defendants' Motion for Summary Judgment.

As a final note, the Court does not fault the Home Defendants for filing these motions. Deadlines are important and complying with "technicalities" is required. Plaintiffs' counsel should use care in ensuring that affidavits are always under penalties of perjury and that leave is requested to correct these types of errors.

### III. <u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** the Home Defendants' Motion to Strike Declarations Submitted with Surreply **as moot** ([Filing No. 158]()), and **DENIES** the Home Defendants' Motion to Strike Plaintiffs' Supplement to their Response in Motion for Summary Judgment ([Filing No. 167](")). The Court will consider the Second Amended Declarations

7

supplemented by the Plaintiffs in its decision regarding the Home Defendants' Motion for Summary Judgment.

**SO ORDERED.**

Date: 4/10/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John A. Conway
LADUE CURRAN KUEHN LLC
jconway@lck-law.com

Mark F. Criniti
LADUE CURRAN KUEHN LLC
mcriniti@lck-law.com

Paul E. Harold
LADUE CURRAN & KUEHN
pharold@lck-law.com

April M. Jay
OVERHAUSER LAW OFFICES LLC
ajay@overhauser.com

John David LaDue
LADUE CURRAN & KUEHN LLC
jladue@lck-law.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

Sean Joseph Quinn
LADUE CURRAN KUEHN LLC
squinn@lck-law.com

Eric M. Wilkins
HUNT SUEDHOFF KALAMAROS
ewilkins@hsk-law.com