UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC, PLAN PROS, INC., and PRIME DESIGNS INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:16-cv-00726-TWP-DLP ) |
| KERSTIENS HOME & DESIGNS, INC., T-KERSTIENS HOMES CORP., KERSTIENS REALTY, INC., KERSTIENS MANAGEMENT CORP., KERSTIENS LEASING CORP., KERSTIENS HOLDING CORP., and KERSTIENS DEVELOPMENT INC., | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER ON DEFENDANTS' MOTION FOR COSTS, INCLUDING ATTORNEY FEES

This matter is before the Court on a Motion for Costs, Including Attorney Fees (Filing No. 235) filed by Defendants Kerstiens Homes & Designs, Inc., T-Kerstiens Homes Corp., Kerstiens Management Corp., Kerstiens Leasing Corp., Kerstiens Holding Corp., and Kerstiens Development, Inc. (collectively, "Defendants" or "Kerstiens").[1] The Defendants filed their Motion for Costs pursuant to 17 U.S.C. § 505 of the Copyright Act after they became the "prevailing party" in this Copyright Act case. For the following reasons, the Court **grants** the Defendants' Motion and awards them $518,457.80 in fees and costs.

### I. BACKGROUND

On March 31, 2016, Plaintiffs Design Basics, LLC, Plan Pros, Inc., and Prime Designs Inc.[2] (collectively, "Plaintiffs" or "Design Basics") filed a complaint in this Court against the Defendants, asserting a claim pursuant to the Federal Copyright Act and the Architectural Works

---

[1] Throughout this litigation, the Defendants have asserted that the seventh defendant, Kerstiens Realty, Inc., is not known to exist and has not appeared, and Plaintiffs have not responded to this assertion or argued otherwise.

[2] Prime Designs Inc. was added as a plaintiff in the First Amended Complaint filed five months after this lawsuit was initiated.

Copyright Protection Act of 1990, 17 U.S.C. §101 *et seq.*, for copyright infringement of numerous house plans. The Plaintiffs are in the business of creating and designing custom and ready-made house plans for single and multi-family homes. They license these house plans as complete sets of construction drawings that can be modified to meet the customer's design needs. The Plaintiffs register the designs with the United States Copyright Office before or near the time of publishing and marketing. They market the house plans through plan catalogs, home building industry publications, brokerage marketing partners, client-specific publications, and the internet. When the Plaintiffs filed this lawsuit against the Defendants for copyright infringement of numerous house plans, they requested damages and injunctive relief as well as attorney fees and costs.

The Defendants filed motions for summary judgment, arguing they were entitled to judgment as a matter of law on the Plaintiffs' copyright infringement claim. Summary judgment was granted in favor of the Defendants, and with the copyright infringement claim being dismissed on summary judgment, the Court entered Final Judgment in favor of the Defendants and against the Plaintiffs on September 19, 2018 ([Filing No. 232](); [Filing No. 233]()).

On October 3, 2018, the Defendants filed their Motion for Costs pursuant to 17 U.S.C. § 505 ([Filing No. 235]()). As prevailing defendants in a copyright action, the Defendants seek their costs and attorney fees under the Copyright Act.

## II. LEGAL STANDARD

Under 17 U.S.C. § 505, in any copyright civil action, the district court in its discretion may allow the recovery of all costs of litigation, including an award of a reasonable attorney's fee as part of those costs, to the prevailing party. A party prevails "when it obtains a 'material alteration of the legal relationship of the parties.'" *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 387 (7th Cir. 2011) (quoting *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008)). "Defendants who defeat a copyright infringement action are entitled to a strong presumption in

favor of a grant of fees." *Hyperquest*, 632 F.3d at 387. "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong." *Assessment Techs. of WI, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004); *see also FM Indus. v. Citicorp Credit Servs.*, 614 F.3d 335, 339 (7th Cir. 2010) ("a defendant that prevails in copyright litigation is presumptively entitled to fees under § 505").

The United States Supreme Court has directed that in determining whether to exercise its discretion to award costs and fees in a copyright case, district courts should look to a number of nonexclusive factors including: (1) the frivolousness of the action; (2) the losing party's motivation for filing or contesting the action; (3) the objective unreasonableness of the action; and (4) the need to "advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994).

### III. DISCUSSION

The Defendants assert that they are entitled to an award of attorney fees and costs because they are prevailing defendants in a copyright infringement case, and the *Fogerty* factors favor an award of their fees and costs.

The Defendants argue that Design Basics maintained a frivolous lawsuit because another case involving Design Basics, *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093 (7th Cir. 2017), placed Design Basics on notice that copyright infringement claims regarding "substantial similarity" would not prevail in the Seventh Circuit. The Seventh Circuit explained in that case that "to whatever extent the parties' plans resemble one another, they likewise resemble countless other home designs in a crowded market." *Id.* at 1105. The Defendants point out that they prevailed on summary judgment in this Court for the same reason explained by the Seventh Circuit in *Lexington Homes*, and Design Basics maintained its lawsuit even after having notice from the Seventh Circuit of its losing argument.

3

The Defendants next argue that Design Basics' improper motive for filing the action further supports an award of their fees and costs. The Defendants assert that Design Basics' motivation is to obtain proceeds from litigation or settlements rather than protecting a legitimate copyright. The Defendants again point to the Seventh Circuit decision from *Lexington Homes* to support the improper motivation factor:

> Design Basics has been in the business of producing market-ready designs for modest single-family homes for several decades. In 2009, Patrick Carmichael and Myles Sherman purchased Design Basics as an investment opportunity. Carmichael acknowledged in his deposition that "potential copyright infringement cases influence[d his] decision to become an owner of Design Basics." He testified that proceeds from litigation have become a principal revenue stream for Design Basics.
>
> A search of the Public Access to Court Electronic Records (PACER) system reveals that Design Basics has been party to over 100 federal lawsuits, the vast majority of which have been filed since the 2009 change in ownership. Nearly all involve copyright claims asserted by Design Basics. Design Basics offers its employees incentives to scout out potential copyright infringement cases, paying its employees a finder's fee in the form of a percentage of the net recovery relating to any home plans that they located. Design Basics filed this lawsuit after employee Carl Cuozzo discovered Lexington's website and its supposedly infringing plans while investigating other Design Basics cases on the Internet. *Design Basics' business model of trawling the Internet for intellectual property treasures is not unique.* In recent years, opportunistic holders of copyrights, patents, and other intellectual property have developed unsavory reputations for "trolling," bringing strategic infringement claims of dubious merit in the hope of arranging prompt settlements with defendants who would prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation. *Like the proverbial troll under the bridge, these firms try to extract rents from market participants who must choose between the cost of settlement and the costs and risks of litigation.*

([Filing No. 236 at 6](#)–7 (quoting *Lexington Homes*, 858 F.3d at 1096–97) (emphasis in original).)

The Defendants argue that Design Basics' purpose in filing and maintaining this lawsuit was to obtain a settlement payment despite the fact that the *Lexington Homes* decision was a "death-knell" to what the Seventh Circuit called Design Basics' "Internet Shakedown" litigation strategy for their more than one hundred copyright infringement complaints. Design Basics' motivation was improper, and the Defendants should be able to recover their fees and costs.

Next, the Defendants assert that Design Basics' claims could not succeed based on the facts as they were alleged, and thus, the lawsuit was objectively unreasonable. The Defendants point out that the "objective unreasonableness" factor is a significant factor, but only one of many factors to consider. The Defendants prevailed on summary judgment because no issues of fact existed and they were entitled to judgment as a matter of law, yet they received no monetary award for prevailing but had to expend hundreds of thousands of dollars to defend against the lawsuit. The Defendants assert that "in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)." ([Filing No. 236 at 9](Filing No. 236 at 9).)

Concerning the fourth *Fogerty* factor (the need to advance considerations of compensation and deterrence), the Defendants note that in the Seventh Circuit a prevailing defendant is entitled to a "very strong" presumption in favor of being awarded attorney fees and costs in order to make certain that a copyright plaintiff does not disregard a meritorious defense in situations in which the cost of vindication exceeds the private benefit to the party. The Defendants assert Design Basics maintained this lawsuit after being put on notice that the claim likely would not prevail. The Defendants also told the Plaintiffs that the "Management Defendants" did not build homes, so there was no factual basis for claims against them, yet Design Basics was not deterred. Therefore, the Defendants argue, an award of fees and costs is appropriate to deter Design Basics from repeating this litigation conduct.

Regarding the reasonableness of the amount of fees and costs, the Defendants request $519,279.55 in fees and costs and support the request with an itemization of the fees and costs, invoices, and attorney declarations. The Defendants explain that three insurance companies were involved in defending the case, which necessitated the involvement of attorneys Eric Wilkins and Frank Kowalkowski in addition to the lead counsel. Counsel Paul Overhauser explains that the

rates range from $165.00 to $435.00 per hour, which are the rates actually charged to other clients in this market for the same type of work, and other clients have actually paid these same rates. Counsel explains that his rate of $435.00 per hour is based on his over thirty years of experience practicing law. Lesser rates are charged for less experienced employees at the firm. (Filing No. 235-2 at 2.)

The Defendants point out that the fee amount awarded in *Lexington Homes* was $243,506.28, and that case involved only one defendant and one plaintiff. In this case, there were six defendants and three plaintiffs. And in this case, the parties expended time on final pre-trial filings in addition to the summary judgment proceedings. Furthermore, Plaintiffs' counsel explained in correspondence dated June 28, 2018, that his attorney fees and costs as of that date were in excess of $500,000.00 (Filing No. 236-8 at 2). The Defendants argue that, if Plaintiffs' counsel had expended fees and costs exceeding $500,000.00, then it is reasonable that Defendants' counsel similarly expended that amount in fees and costs.

Concerning reasonableness, the Defendants conclude,

> This Court has approved the American Intellectual Property Law Association's Economic Survey as a basis for fee awards. The 2017 AIPLA Survey of Costs of Copyright Infringement Litigation shows for claims involving under $1,000,000 in the "Other Central" region of the U.S. that the average legal fee to take a case through the "end of discovery" is $250,000. The average legal fee to take such a case through trial is $1,175,000. Here, this case went past discovery, all the way through summary judgment and through pre-trial pleadings, such as jury instructions and motions in limine. Thus, the amount sought is in line with AIPLA's projected fees in a case such as this.

(Filing No. 236 at 12 (footnotes omitted); *see also* Filing No. 236-9.)

Responding to the Motion, Design Basics does not dispute that the Defendants are the prevailing party in this matter. Instead, they argue that the Defendants took an unreasonable litigation approach designed to maximize the burden and expense on all parties and the Court. Thus, the amount claimed for fees and costs is unreasonable. The Plaintiffs assert that the

6

copyright infringement claim in this case was not complex and did not require extensive discovery and motions practice; however, the Defendants were uncooperative throughout discovery, which resulted in unnecessary litigation costs. The Defendants also contested routine matters and technicalities as well as pursued a motion requiring the Plaintiffs to post a cost bond, which was denied by the Court.

To oppose the reasonableness of the Defendants' fee request, the Plaintiffs rely on the opinion of attorney Charles Meyer. Relying on Mr. Meyer's opinion, the Plaintiffs assert that some of the Defendants' fees are vaguely described and lack detail, so they should be reduced by $47,456.84. Because some of the legal research tasks are vaguely described, the Plaintiffs assert those fee requests should be eliminated by $16,129.40. The Plaintiffs also argue that all fees and costs associated with the Defendants' attempt to require Design Basics to post a cost bond should be eliminated because those motions were unsuccessful, and such a remedy would have been extraordinary. The Plaintiffs argue the fees for discovery appear to be excessive because the Defendants forced unnecessary discovery motions practice and had three attorneys at depositions. They suggest cutting the Defendants' discovery costs by fifty percent. They also suggest cutting the Defendants' costs by fifty percent for any fees associated with summary judgment practice because the Defendants addressed matters, such as technicalities with declarations, that did not address the merits, and the issues were not complex. The Plaintiffs argue that $20,000.00 on pleadings is excessive and should be cut in half.

The Plaintiffs argue that time spent on setting up billing systems and withdrawing an attorney appearance should not be billed, and thus, should not be charged to the Plaintiffs, and this amounts to $526.75 of the Defendants' fees. The Plaintiffs assert that the fees charged for attorneys Eric Wilkins ($22,723.36) and Frank Kowalkowski ($5,310.00) should be eliminated because the role of those attorneys is not sufficiently explained or justified.

7

The Plaintiffs conclude that a fee award:

> in the neighborhood of $230,424.66, if not lower, is a more reasonable fee. Based on the 2017 AIPLA Report, costs through discovery and motions practice for a case in the "Other Central" district with less than $1 million at risk—as this particular case was, based on anticipated profit margins on the 28 home builds at issue—would be expected to run between $24,000 and $130,000. Even if the risk topped $1 million, the range only moves to $43,000 to $213,000. Notably, this conclusion also aligns closely with the award of fees in the *Lexington Homes* case of $243,506.28.

([Filing No. 249 at 12](Filing No. 249 at 12) (internal citations omitted).)

Concerning the *Fogerty* factors, the Plaintiffs argue that there are no presumptions and no controlling factors, and the Court should exercise its discretion to deny the Defendants' fee request. The Plaintiffs assert that the Architectural Works Copyright Protection Act provides robust protection for architectural works, and at the time that the Plaintiffs discovered the Defendants' house plans, case law appeared to support the Plaintiffs' position for a copyright infringement claim. The Plaintiffs further assert that even after the Seventh Circuit's decision in *Lexington Homes*, which involved different facts and a different record, there still remain questions of law that give room for dispute and further litigation. Thus, they argue, their lawsuit was not frivolous.

The Plaintiffs argue that the motivation for pursuing this litigation was to protect valuable intellectual property that was developed and marketed over many years. The motivation for litigation was not to improperly extract settlements as the Seventh Circuit concluded in *Lexington Homes*, and the infringement of copyrights is hard to discover, so the Plaintiffs must pursue litigation as the only way to combat ongoing copyright infringement. They further argue that their position was objectively reasonable because the Plaintiffs' house plans and the Defendants' house plans are similar, even at a "cursory glance," *id.* at 7, so it was objectively reasonable for the Plaintiffs to file suit to protect the copyrighted works even if the Court ultimately decided against them. Regarding the fourth *Fogerty* factor, the Plaintiffs argue awarding fees in this case would

8

be an "overdeterrence" because it would discourage copyright holders from pursuing meritorious claims, and it would encourage a "scorched-earth" litigation strategy for defendants.

The Defendants reply that the Plaintiffs did not address the most obvious basis for finding that the fees and costs requested are reasonable—that Plaintiffs' counsel's own fees and costs exceeded $500,000.00 in this case. They also assert the Plaintiffs' method of categorizing their time entries is arbitrary as is the Plaintiffs' suggestion to reduce particular categories of fees by fifty percent. The Defendants also argue that the Plaintiffs' argument concerning the four *Fogerty* factors was raised and rejected in *Lexington Homes*. The Defendants point out the Plaintiffs did not undertake an adequate investigation before filing this lawsuit, which resulted in the extensive discovery required during litigation. The Plaintiffs also engaged in conduct that made discovery more difficult and time-consuming.

The Defendants also reply that other courts have required copyright plaintiffs to post a cost bond for defendants' attorney fees, especially where a plaintiff's financial condition is questionable, so the fact that the Defendants in this case requested a cost bond is not extraordinary. Concerning the argument that some of the time entries were vague or lacked detail, the Defendants reply that entries were redacted to preserve attorney-client privileges. The Defendants assert that the Plaintiffs' argument about the AIPLA Survey is unavailing because they looked at cases with less than $1 million at risk, and even topping $1 million, but in this case, the Plaintiffs themselves valued the risk at $3,130,242.00 (Filing No. 236-8 at 2). Additionally, the *Lexington Homes* case involved only four copyrights whereas eight copyrights were at issue here.

The Defendants argue their fees for pleadings are reasonable because the Plaintiffs amended the complaint once and attempted to amend the complaint a second time. The Defendants concede that the Court can reduce their fee request by $526.75, which was incurred for filing a motion to withdraw counsel and for setting up billing systems (Filing No. 254 at 23). Finally, the

9

Defendants reply that the fees incurred for attorneys Eric Wilkins and Frank Kowalkowski are reasonable because Eric Wilkins participated in depositions in other cases involving Design Basics, and his experience in those other cases provided insight for the Defendants in this case. Frank Kowalkowski was counsel on behalf of Lexington Homes in that case, and his experience and insight were helpful to the Defendants in this case for the summary judgment motion.

The Court first notes that the Plaintiffs do not challenge the fact that the Defendants are the prevailing party in this matter and that, under 17 U.S.C. § 505, the district court may allow the recovery of costs and attorney fees to the prevailing party. The Court also notes that in the Seventh Circuit, "[d]efendants who defeat a copyright infringement action are entitled to a strong presumption in favor of a grant of fees." *Hyperquest*, 632 F.3d at 387. "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong." *Assessment Techs*, 361 F.3d at 437. The Plaintiffs questioned the continuing validity of any presumptions in light of *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (U.S. 2016); however, that case involved the district court considering only one of the *Fogerty* factors, giving that factor "nearly dispositive weight," and then creating a presumption against granting any fees based on that one factor. The Supreme Court held that a presumption against granting fees based on a finding of reasonableness alone was not appropriate. *Id.* at 1989. That decision does not undermine the Seventh Circuit's strong presumption to award fees and costs to prevailing defendants in copyright infringement cases. And in this copyright infringement case, the Defendants are the prevailing party.

Regarding the frivolousness factor, the Court determines that it was not frivolous for Design Basics to *initially* bring this action to assert a copyright infringement claim based on the similarities of the house plans. However, it bordered on frivolous to maintain the litigation after the Seventh Circuit explained "substantial similarity" and that "even subtle differences can

indicate that there is no copyright infringement," and "many differences are not trivial." *Lexington Homes*, 858 F.3d at 1103. The Plaintiffs asserted a "cursory glance" at the house plans shows an overall similarity, but the Seventh Circuit made clear that courts have to "take a close look" and undertake a "close study." *Id.* at 1103, 1105.

The Court agrees with the Seventh Circuit's analysis in *Lexington Homes* (as quoted above) concerning the improper motives of Design Basics for filing the action—a desire to obtain proceeds from litigation or to extract quick settlements rather than to protect copyright interests. While the Plaintiffs argue that a cursory glance at the house plans indicates that it was objectively reasonable to bring a copyright infringement claim in this case, the Court concludes that more than a cursory glance or even a cursory investigation into the facts is warranted before subjecting an opponent to the time and expense of a costly copyright infringement lawsuit. Finally, as a prevailing party, the Defendants receive no compensation for successfully defending against this lawsuit. However, an award of fees and costs will serve as a deterrent against maintaining litigation after a party's position has become untenable. The Court concludes that the *Fogerty* factors favor an award of fees and costs to the Defendants as the prevailing party in a copyright action.

Concerning the fee amount, the Defendants have supported their request with an itemization of the fees and costs, invoices, and attorney declarations. They have shown that their hourly rates are the same rates actually charged for similar work for other clients in this market. The Court is familiar with the hourly rates of attorneys in the Indianapolis, Indiana market for cases such as this, and the hourly rates in this matter are consistent with the prevailing rates in the Indianapolis market. The Court also notes that attorney Eric Wilkins attested to his Fort Wayne hourly rate and indicated that he reduced his rate charged in this case. Attorney Frank Kowalkowski also indicated that he reduced his hourly rate charged in this case. The Defendants have shown that the hours incurred in this case are the hours that were actually expended on the

11

matter. The Defendants' explanation and evidence satisfies the lodestar method of calculating fees by multiplying the number of hours reasonably expended in the case by the reasonable hourly rate of the attorneys.

The Defendants' explanation is well-taken concerning the involvement of attorneys Eric Wilkins and Frank Kowalkowski—three insurance companies were involved in defending the case, and these attorneys had experience with Design Basics litigation; given the amount at risk in this case, their experience and knowledge were utilized and helpful. The Court declines to reduce the fee amount for Eric Wilkins' and Frank Kowalkowski's work on the case.

The Court also is persuaded concerning the overall reasonableness of the fee amount by a comparison to Plaintiffs' counsel's assertion that the Plaintiffs had incurred more than $500,000.00 in fees and costs in this case. This case has been long and hard fought and has involved extensive discovery (for which both parties were responsible), proceeded through summary judgment, and involved final pre-trial filings before a notice of appeal was filed. A comparison between this case and *Lexington Homes*—eight copyrights versus four copyrights at issue, three plaintiffs and six defendants versus one plaintiff and one defendant, and $519,279.55 in fees and costs versus $243,506.28—also supports a finding of overall reasonableness of the fees in this case.

The Court declines to apply the Plaintiffs' suggestion of reducing various categories of fees by fifty percent. The Plaintiffs' suggestion is arbitrary. The time record invoices support the claim for the work and the fees. Additionally, the Court declines to apply the Plaintiffs' suggestion of reducing various fees based on the entries being vague because the lack of detail in those entries is a result of redactions based on privileges. However, the Court will apply the Plaintiffs' request to reduce the fees by $526.75, which was incurred for filing a motion to withdraw counsel and for setting up billing systems, and to which the Defendants agreed such a reduction would be appropriate. The Court further reduces the fee amount by $295.00 because Frank Kowalkowski's

declaration requests $5,310.00 in fees (*see* Filing No. 236-6 at 1), but the attached invoices support a fee amount of only $5,015.00.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Costs, Including Attorney Fees (Filing No. 235) is **GRANTED**. The Defendants are awarded their attorney fees and costs **in the amount of $518,457.80** ($519,279.55 minus $821.75) against the Plaintiffs.

**SO ORDERED.**

Date: 9/30/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John A. Conway
LADUE CURRAN KUEHN LLC
jconway@lck-law.com

Mark F. Criniti
LADUE CURRAN KUEHN LLC
mcriniti@lck-law.com

Paul E. Harold
LADUE CURRAN & KUEHN
pharold@lck-law.com

John David LaDue
LADUE CURRAN & KUEHN LLC
jladue@lck-law.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

April M. Jay
OVERHAUSER LAW OFFICES, LLC
ajay@overhauser.com

Eric M. Wilkins
HUNT SUEDHOFF KALAMAROS
ewilkins@hsk-law.com

Sean Joseph Quinn
LADUE CURRAN KUEHN LLC
squinn@lck-law.com